Todd Blanche
Acting Attorney General of the United States
Ann T. Wick
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
JUL 14 2026
SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS MICHAEL HOWARD,<br><br>Defendant. | Case No.: 2:25-CR-0102-RLP<br><br>Plea Agreement<br><br>Fed. R. Crim. P. 11(c)(1)(C) |

Plaintiff, United States of America, by and through Ann T. Wick, Assistant United States Attorney for the Eastern District of Washington, and Defendant, NICHOLAS MICHAEL HOWARD ("Defendant"), both individually and by and through Defendant's counsel, Bevan J. Maxey, agree to the following Plea Agreement.

1. Guilty Plea and Maximum Statutory Penalties

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agrees to enter a plea of guilty to Count 1 of the Indictment filed on June 10, 2025, which charges Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), a Class C felony.

Defendant understands that the following potential penalties apply:

a. a term of imprisonment of at least 5 years and up to 20 years;

b. a fine not to exceed $250,000;

c. a term of supervised release of not less than 5 years and up to life;

d. restitution;

e. a $100 special penalty assessment;

f. an assessment of up to $35,000 pursuant to 18 U.S.C. §2259A(a)(2);

g. an assessment of $5,000, pursuant to the Justice for Victims of Trafficking Act of 2015, unless the Court finds Defendant to be indigent; and

h. registration as a sex offender.

2. Penalties for Violation of Supervised Release

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, up to the following terms:

a. 5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

b. 3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

c. 2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. Notice That Defendant May Be Detained Upon Entry of Guilty Plea

Defendant understands that after Defendant pleads guilty, Defendant will have been found guilty of an offense and will be awaiting execution or imposition of a sentence pursuant to 18 U.S.C. § 3143, absent circumstances that rarely apply. By entering this Plea Agreement, Defendant acknowledges that Defendant is on notice that the United States may seek, and the Court may order, Defendant's detention pending the execution or imposition of Defendant's sentence pursuant to 18 U.S.C. § 3143.

4. The Court is Not a Party to this Plea Agreement

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

a. sentencing is a matter solely within the discretion of the Court;

b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. Defendant understands that this Plea Agreement contains sentencing recommendations pursuant to Fed. R. Crim. P. 11(c)(1)(C). As a result, the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than

agreed upon, and Defendant may withdraw from this Plea Agreement if the Court imposes a harsher sentence than agreed upon.

5. Potential Immigration Consequences of Guilty Plea

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6. Waiver of Constitutional Rights

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

a. the right to a jury trial;

b. the right to see, hear and question the witnesses;

c. the right to remain silent at trial;

d. the right to testify at trial; and

e. the right to compel witnesses to testify.

Defendant expressly waives Defendant's right, even if otherwise authorized by the United States Constitution or federal law, to challenge in the district court, to move to withdraw Defendant's plea based on, or to appeal the validity and/or entry of, any and all charging instruments, any and all plea agreements, any and all pleadings, any and all communications between any and all defense counsel and any and all Assistant United States Attorneys, and/or any and all guilty pleas in the above-captioned matter based on any and all arguments that the United States, the United States Attorney's Office for the Eastern District of Washington, the Deputy Attorney General, any and all First Assistant United States Attorneys for the Eastern District of Washington, any and all Criminal Chiefs for the United States Attorney's Office for the Eastern District of Washington, any and all Assistant United States Attorneys for the Eastern District of Washington, and/or any and all attorneys for the government, are in any way unauthorized to bring, seek, file, and/or resolve any and all aspects of the above-captioned matter, case, and/or charges.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7. Rule 11 Nature of the Plea Agreement

Defendant acknowledges that this Plea Agreement is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) ("Rule 11(c)(1)(C)"). Pursuant to Rule 11(c)(1)(C), the United States and Defendant agree that the appropriate disposition of the case includes a term of imprisonment of not less than five years

(60 months) and not more than the low end of the advisory guideline range as calculated by the United States, to be followed by at least five years of Supervised Release. The United States and Defendant agree to make those sentencing recommendations to the Court. Although the United States and Defendant agree to make these recommendations to the Court pursuant to Rule 11(c)(1)(C), Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will ultimately impose.

Defendant understands that Defendant may withdraw from this Plea Agreement if the Court imposes a term of imprisonment greater than the low end of the advisory guideline range as calculated by the United States, or indicates its intent to do so. Defendant also understands that the United States may withdraw from this Plea Agreement if the Court imposes a term of imprisonment of less than 60 months, or indicates its intent to do so.

The United States and Defendant acknowledge that the imposition of any fine, restitution, term, or conditions of Supervised Release are not part of the Rule 11(c)(1)(C) nature of this Plea Agreement; that the United States and Defendant are free to make any recommendations they deem appropriate as to the imposition of fines, restitution, or conditions of Supervised Release; and that the Court will exercise its discretion in this regard. The United States and Defendant acknowledge that the Court's decisions regarding the imposition of fines, restitution, term, or conditions of Supervised Release will not provide bases for Defendant to withdraw Defendant's guilty plea or withdraw from this Rule 11(c)(1)(C) Plea Agreement.

Defendant acknowledges that if either the United States or Defendant successfully withdraws from this Plea Agreement, the Plea Agreement becomes a nullity, and the United States is no longer bound by any representations within it.

8. Admissibility of Facts and Prior Statement

By signing this Plea Agreement, Defendant admits the truth of the facts set forth in the Factual Basis section of this Plea Agreement and agrees that these facts, along with any written or oral statements Defendant makes in court, shall be deemed usable and admissible against Defendant in any subsequent legal proceeding, including criminal trials and/or sentencing hearings, under Federal Rule of Evidence 801(d)(2)(A).

Defendant acknowledges, admits, and agrees that by signing this Plea Agreement, Defendant is expressly modifying and waiving Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to any facts Defendant admits and/or any statements Defendant makes in court.

9. Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), the United States would have to prove the following beyond a reasonable doubt.

a. *First*, beginning on or about May 19, 2025, and continuing through on or about May 30, 2025, in the Eastern District of Washington, Defendant knowingly received child pornography;

b. *Second*, Defendant knew the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

c. *Third*, the visual depiction had been mailed or shipped or transported or in affecting interstate or foreign commerce by any means, including by computer.

10. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond

a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

On or about December 2, 2023, a federal law enforcement agent observed several posts on a website dedicated to child pornography in which the author of the posts indicated a sexual interest in minors and child pornography. The internet protocol (IP) address associated with the posts was determined to be registered to Defendant at his Spokane, Washington, residence, within the Eastern District of Washington. Upon further investigation, law enforcement observed at least 179 posts attributable to Defendant, in which Defendant identified an attraction to minors aged 6-14 years old.

On May 30, 2025, federal agents executed a federal search warrant for Defendant's Spokane residence referenced herein, Defendant's person, and Defendant's vehicle, and seized a T-Mobile smart phone (Model TMRV075G, IMEI No. 862503079341046) and a Dell laptop (Model Precision 7780, Serial No. 9FRQ374). On the same day, federal agents learned of a second Spokane residential location frequented and utilized by Defendant. Agents obtained and executed a federal search warrant at that residence, which was also located within the Eastern District of Washington. Agents seized a Black Toshiba Laptop (Model Satellite C55-B5200, Serial No. 6E061038P) and a Blue Amazon Tablet (Model SL0562E) attributable to Defendant from that home. Forensic analysis of seized devices from both locations revealed evidence of Defendant as the user of the devices, including, for example, a user account under the name, "Nick," in addition to evidence of the devices being used in furtherance of the possession and receipt of child pornography.

Forensic review of the seized devices further revealed at least 223 images and 23 videos of child pornography (also referred to as child sexual abuse material or "CSAM"), including at least four videos accessed and viewed on the aforementioned T-Mobile phone as recently as the date of seizure. The duration of these four videos was 48 seconds, 9 seconds, 34 seconds, and 17 seconds, respectively; they depicted both male and female minors and included oral, anal and vaginal penetration with a penis. Among the collection of child pornography were depictions of children who appeared to be as young as four years of age, and therefore, prepubescent and under the age of 12 years. One such file is a video lasting 29 seconds. The video depicted a prepubescent female, approximate 5 to 6 years old, speaking in a foreign language, and performing oral sex on an adult male. Forensic review further revealed Defendant's use of at least one application to both receive and disseminate CSAM, and Defendant admits that he was exchanging CSAM with others via the internet.

The seized devices were manufactured at least in part outside of the United States and therefore travelled in foreign commerce prior to Defendant's possession of the devices and contraband contained therein. Further, the child pornography files received and possessed by Defendant were obtained via the Internet and travelled in and affecting interstate and foreign commerce prior to Defendant's receipt and possession of said files.

The child pornography files located on Defendant's seized devices were submitted to the National Center for Missing and Exploited Children ("NCMEC") for victim identification; NCMEC identified 45 known series of child pornography from the files submitted.

Thus, Defendant stipulates and agrees that on the dates charged in the Indictment, he was present in the Eastern District of Washington, and knowingly received child pornography image and video files that were previously transported, and were subsequently transported via the internet, a means and facility of

interstate commerce, to his electronic devices, namely his computers and/or phone. Defendant further stipulates and agrees that the production of these image and video files involved the use of minors engaging sexually explicit conduct.

11. The United States' Agreements

The United States Attorney's Office for the Eastern District of Washington agrees that at the time of sentencing, the United States will move to dismiss Count 2 of the Indictment (ECF No. 19) filed on June 10, 2025, which charges Defendant with possession of child pornography.

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

12. United States Sentencing Guidelines Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. Defendant further acknowledges that the low-end of the advisory Guideline range, as calculated by the United States will be determined after a presentence investigation report has been prepared. Nevertheless, the United States and Defendant agree to the following Guidelines calculations, and Defendant understands that these calculations are included in the United States' estimate[1] of the applicable advisory Guideline range.

---

[1] The United States estimates that Defendant's total offense level, after applying a downward three-point adjustment for acceptance of responsibility, pursuant to U.S.S.G.§ 3E1.1, will be 33, and that Defendant's criminal history category will be I, resulting in an advisory guideline range of 135 to 168 months. These estimates are not binding on the United States, the Court, or United States Probation.

a. Base Offense Level

The United States and the Defendant agree that the base offense level for Receipt of Child Pornography is 22. U.S.S.G. §2G2.2(a)(2).

b. Special Offense Characteristics

The United States and Defendant agree that the base offense is increased by two levels because Defendant received and possessed material involving prepubescent minors who had not attained the age of 12. *See* U.S.S.G. §2G2.2(b)(2).

The United States and Defendant agree that the offense level is increased by another five levels because Defendant distributed child pornography in exchange for any valuable consideration, but not for pecuniary gain. *See* U.S.S.G. §2G2.2(b)(3)(B).

The United States and Defendant agree that five more levels are added, because Defendant's offense involved at least 600 images of child pornography. *See* U.S.S.G. §2G2.2(b)(7)(D).

The United States and Defendant agree that two more levels are added because the offense involved the use of a computer to receive and possess the material. *See* U.S.S.G. §2G2.2(b)(6).

The parties make no agreement about the applicability of any other specific offense characteristic adjustments.

c. Acceptance of Responsibility

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a), (b), if:

i. Defendant accepts this Plea Agreement;
ii. Defendant qualifies for a decrease under §3E1.1(a);
iii. Defendant entered a guilty plea at the first court hearing that takes place after this Plea Agreement is offered;

iv. Defendant has timely notified authorities of Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently; and

v. Defendant has provided complete and accurate information during the sentencing process.

vi. Defendant demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

vii. Defendant does not commit any obstructive conduct.

If, before sentence is imposed, Defendant fails to meet the criteria set out in U.S.S.G. §3E1.1 or acts in a manner inconsistent with acceptance of responsibility, the Government will withdraw or not make such a recommendation.

Defendant and the United States agree that the United States may at its option and upon written notice to Defendant, not recommend a downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of any criminal offense, or if Defendant tests positive for any controlled substance.

d. Agreements Regarding Representations to the Court

The United States has a duty of candor to the tribunal. If the United States and Defendant do not agree on the appropriate length of incarceration, the appropriate length or applicable terms of supervised release, and/or the correct guidelines calculations, variances, departures, and/or enhancements, the United States reserves the right to respond to any and all arguments made by Defendant, on any bases the United States deems appropriate, at all stages of this criminal case.

Defendant may make any arguments it deems appropriate, at all stages of this criminal case.

With regard to all briefing, submissions, and hearings in this criminal case, the United States and Defendant agree to the following provisions:

i. The United States and Defendant may each respond to any questions from the Court or United States Probation Office;

ii. The United States and Defendant may each supplement the facts under consideration by the Court by providing information the United States or Defendant deems relevant;

iii. The United States and Defendant may each present and argue any additional facts that the United States or Defendant believe are relevant to the Sentencing Guidelines computation or sentencing;

iv. The United States and Defendant may each present and argue information that may already be known to the Court, including information contained in the Presentence Investigation Report;

v. The United States and Defendant may each respond to any arguments presented by the other;

vi. In order to support the United States' sentencing recommendation as set forth herein, the United States may oppose and argue against any defense argument or any recommendation for any sentence lower than the sentence recommended by the United States on any basis, including arguments for a lower offense level, a lower criminal history calculation, the application or non-application of any sentencing enhancement or departure,

and/or any variance from the Guidelines range as calculated by the Court;

vii. In order to support the defense sentencing recommendation as set forth herein, Defendant may oppose and argue against any argument by the United States, or any recommendation for any sentence higher than the sentence recommended by the defense on any basis, including arguments for a higher offense level, a higher criminal history calculation, the application or non-application of any sentencing enhancement or departure, and/or any variance from the Guidelines range as calculated by the Court;

viii. The United States may make any sentencing arguments the United States deems appropriate so long as they are consistent with this Plea Agreement, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Plea Agreement, and Defendant's relevant conduct; and

ix. Defendant may make any sentencing arguments consistent with this Plea Agreement Defendant deems appropriate.

e. No Other Agreements

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

f. Criminal History

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

13. Incarceration

At the time of Defendant's original sentencing in the District Court, the United States agrees to make a sentencing recommendation to the Court that is consistent with this Plea Agreement. The United States' agreement to make such a recommendation is limited exclusively to the time of Defendant's original sentencing in the District Court. The United States' agreement to make such a recommendation does not prohibit or limit in any way the United States' ability to argue for or against any future sentencing modification that takes place after Defendant's original sentencing in the District Court, whether that modification consists of an amendment to the Guidelines, a change to a statutory minimum or maximum sentence, any form of compassionate release, any violation of Supervised Release, or any other modification that is known or unknown to the parties at the time of Defendant's original criminal sentencing. In this Plea Agreement, the United States makes no promises or representations about what positions the United States will take or recommendations the United States will make in any proceeding that occurs after Defendant's original sentencing in the District Court.

The United States agrees to recommend that Defendant be sentenced to a term of imprisonment no higher than the low end of the applicable advisory Guidelines range as calculated by the United States.

Defendant shall recommend a term of imprisonment of no less than 60 months.

//

14. Supervised Release

By statute, the Court must impose a term of supervised release of at least five years; such term may be up to life. The parties are free to recommend any legal term of Supervised Release they believe is appropriate. Defendant agrees that the Court's decision regarding the term and conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the term or conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

a. Defendant shall not have any contact with any child under the age of 18 outside the immediate presence of an adult and approved in advance by the Probation Officer. Defendant shall not have any contact or communications of any kind with any child under the age of 18, other than his two biological children, via telephone, the Internet, or any social media platform; any such contact with his biological children is limited to that which is approved in advance by the Probation Officer. Defendant shall immediately report to the Probation Officer any unauthorized contact with anyone under 18 years old.

b. The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

c. Defendant shall report to the Probation Office any and all electronic communications service accounts, as defined in 18 U.S.C. § 2510(15) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. Defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation. The Probation Office is permitted to access and search any accounts using Defendant's credentials pursuant to this condition when reasonable suspicion exists that Defendant has violated a condition of supervision and that the accounts to be searched contain evidence of this violation.

d. Defendant shall allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer with the ability to access to the Internet, and any personal computing device with the ability to access the Internet that Defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. Defendant shall not possess or use any data encryption technique or program. Defendant shall purchase and use such hardware and software systems that monitor Defendant's usage of any computer that has the ability to access the Internet, if so, directed by the Probation Officer.

e. Defendant shall not reside or loiter within 1000 feet of places where children under the age of 18 congregate, which includes primary and secondary schools, schoolyards, parks, playgrounds, shopping malls, daycare centers, carnivals, recreation centers, and arcades.

f. Defendant shall not possess or manufacture any sexually stimulating, sexually explicit or sexually oriented material including videos, magazines, photographs, computer generated depictions, or any other matter that depicts "sexually explicit conduct" involving children or adults, as defined by 18 U.S.C. § 2256(2). Defendant shall not enter or be present at any establishment involved in the sex industry, including adult book stores, massage parlors, escort services, or strip clubs. Defendant shall not use any sex-related adult telephone number, Internet access, or social media platform. Defendant shall provide to the Probation Officer all of Defendant's telephone and Internet records to monitor compliance, at the direction of the Probation Officer.

g. Defendant shall register as a sex offender, according to the laws of each state in which Defendant resides, is employed, or is attending school. Defendant shall provide verification of compliance with this requirement to the Probation Officer.

h. Defendant shall complete a sex offender evaluation, which may include periodic psychological and polygraph testing, at the direction of the Probation Officer.

i. Defendant shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and

treatment requirements of the program. Defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. Defendant shall contribute to the cost of treatment according to Defendant's ability.

15. Defendant Moving for Early Termination of Supervised Release Constitutes a Breach of This Plea Agreement

In exchange for the benefits Defendant is receiving by entering into this Plea Agreement, Defendant hereby agrees not to file a motion for early termination of Supervised Release prior to successfully completing at least five consecutive years of Supervised Release, as demonstrated by the absence of any violations of conditions of Supervised Release, and having paid in full all financial obligations associated with this case. Defendant understands, acknowledges, and agrees that Defendant's filing of a motion for early termination of Supervised Release prior to such time will constitute immediate breach of this Plea Agreement, and Defendant agrees not to challenge or object to a motion by the United States seeking a judicial finding of breach. Defendant understands and acknowledges that if Defendant breaches this Plea Agreement by filing a motion for early termination of supervised release, then:

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;
b. The United States may prosecute Defendant on all available charges;
c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and
d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. Defendant agrees to waive any objections,

motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim alleging a violation of Double Jeopardy. Defendant agrees not to raise any objections based on the passage of time, including but not limited to alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

16. Criminal Fine

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

17. Judicial Forfeiture /Abandonment

Defendant agrees to voluntarily forfeit and relinquish to the United States all right, title and interest assets, including, but not limited to the following:

a White/Silver T-Mobile smart phone, Model: TMRV075G, IMEI No.: 862503079341046 and a T-Mobile SIM: QSE1-1, ICCID: 8901260275707195800;

a Black Toshiba Laptop Serial Number: 6E061038PModel Number: Satellite C55-B5200 and a 750 GB HGST HDD Model: 5K1000-750 Serial Number: 140313JA130912GMLI4P; and,

a Blue Amazon Tablet, Model Number: KFSUWI and a 256 GB SK Hynix NVMe M.2 SSD, Model: HFS256GD9TNI-L2A0A FC, Serial Number: CI05N7739108Y5R2X.

Defendant stipulates that Defendant is the sole owner of the assets listed above and that no one else has an interest in these assets.

Defendant acknowledges that the assets listed above, which Defendant is agreeing to forfeit, are subject to forfeiture as property used or intended to be used in any manner or part to commit or to facilitate the commission of the offense to which Defendant is pleading guilty.

Defendant agrees to take all steps requested by the United States to pass clear title to these assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold harmless all law enforcement agents/officers, and the United States, its agents, and its employees from any claims whatsoever arising in connection with the seizure and/or forfeiture of the assets listed above.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets that Defendant is agreeing to forfeit in this Plea Agreement.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant waives any challenges or claims that the indictment lacked sufficient notice to the Defendant that the Government sought forfeiture of the property listed above for the counts to which Defendant pleads guilty. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Abandonment

Defendant agrees to abandon to the Federal Bureau of Investigation (FBI) the following listed assets, including but not limited to:

a 32GB black/red Sandisk Cruzer USB drive;

a 256MB silver unbranded USB drive with white label including text "Katie"; and,

a 128MB transparent Lexar Jump Drive USB drive with a sticker of a princess adhered to one side.

Defendant agrees to take all steps as requested by the United States and FBI to effectuate the abandonment of the assets to FBI and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment.

Defendant consents to the disposal, including destruction, of the assets. Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and abandonment of any asset covered by this agreement.

Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the United States and/or FBI might take, in their sole discretion, to carry out the abandonment and disposition of assets. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds arising at any time from, or relating to, the seizure, abandonment, and disposition of assets, including any such claim for attorney fees and litigation costs.

18. Mandatory Special Penalty Assessment

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

19. JVTA and AVAA Special Assessments

Defendant agrees that he is not indigent for the purposes of imposing a special assessment pursuant to the Justice for Victims of Trafficking Act

("JVTA"); therefore, Defendant agrees that the Court shall impose an additional mandatory special assessment of $5,000 under the JVTA.

Defendant agrees that pursuant to the Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), the Court shall also impose, in addition to any other criminal penalty, restitution, or special assessment authorized by law, an additional assessment of up to $35,000, as set forth in 18 U.S.C. § 2259A. Defendant also understands and agrees that pursuant to 18 U.S.C. § 2259A(c), in determining the amount of the AVAA assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a), 3572.

Neither party may withdraw from the Plea Agreement based on the ultimate special penalty assessments imposed.

20. <u>Restitution:</u>

The United States and Defendant agree that restitution is required. 18 U.S.C. §§ 2259, 3663, 3663A, 3664. Defendant acknowledges that restitution is mandatory, without regard to Defendant's economic situation, to identifiable victims who suffer ongoing injury by virtue of child pornography images depicting them circulating on the Internet indefinitely, in amounts that comport with Defendant's relative role in the causal process that underlies the general losses of the victims. *Paroline v. United States*, 572 U.S. 464 (2014); 18 U.S.C. § 2259.

Pursuant to 18 U.S.C. § 3663(a)(3), in exchange for the United States dismissing counts and/or agreeing not to bring additional charges, Defendant voluntarily agrees to pay restitution to all victims of child pornography that Defendant received and/or possessed, as set forth in the discovery in this case, whether or not Defendant pleads guilty to counts charging that specific conduct, and whether or not such counts are foregone pursuant to this Plea Agreement.

Defendant understands that for purposes of 18 U.S.C. § 2259, "victim" means the individual harmed as a result of a commission of the crime, including, in the case of a victim who is under 18 years of age, the legal guardian of the victim.

The United States and Defendant also hereby stipulate and agree that the Court shall order full restitution, as appropriate, to any entity, organization, insurance company, individual, and/or medical provider who provided medical services and/or funds related to the treatment of any victim.

For any victim against whom Defendant's conduct occurred on or after January 10, 2015, Defendant agrees that such victims shall be entitled to restitution as if the AVAA applied to Defendant's conduct and agrees that the Court should order restitution in an amount that reflects Defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000 per victim.

Pursuant to 18 U.S.C. § 3663(a)(3), Defendant voluntarily agrees to pay restitution for all losses caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

a. Restitution Amount and Interest

The United States and Defendant hereby stipulate and agree that pursuant to 18 U.S.C. §§ 2259, 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at or before sentencing, but which is not less than $3,000 per victim identified by NCMEC as referenced in this Agreement. The interest on this restitution amount should be waived. Defendant acknowledges that Defendant may not withdraw from the Plea Agreement based on the amount of restitution that the Court orders.

b. Payments

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial

circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of Defendant's net monthly income towards any restitution obligation.

c. Treasure Offset Program and Collection

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m).

Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d. Obligations, Authorizations, and Notifications

Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from Defendant's signature on this plea agreement or the date of Defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. Defendant acknowledges and understands that

Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until Defendant's fine and restitution orders are paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than within 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until Defendant's fine and restitution orders are paid in full, Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(F), Defendant understands and agrees that until Defendant's fine and restitution orders are paid in full, Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

21. Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons Inmate Financial Responsibility Program.

22. Additional Violations of Law Can Void of Plea Agreement

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

23. Sex Offender Registration

Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon release from prison as a condition of supervised release, pursuant to 18 U.S.C. § 3583(d).

Defendant also understands that independent of Defendant's term of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's lifetime.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will keep Defendant's registration current with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours.

Defendant agrees that during the duration of Defendant's registration requirement, Defendant will notify and verify with the state sex offender registration agency or agencies of any state in which Defendant lives or resides for more than 72 hours, of changes to Defendant's name, place of residence, place of employment, education, or religious worship, and any other information required by such agency or agencies.

Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such requirements. Defendant understands that under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement.

As a condition of Supervised Release, Defendant shall initially register with the state sex offender registration of the state of Defendant's release and shall also register with the state sex offender agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.

Defendant shall provide proof of registration to the Probation Officer within 72 hours of release.

24. Waiver of Appeal Rights

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

In return for the concessions that the United States has made in this Plea Agreement, Defendant expressly waives all of Defendant's rights to appeal any and all aspects of Defendant's conviction and/or the sentence the Court imposes, on any and all grounds, so long as the Court imposes a term of incarceration consistent with this Rule 11(c)(1)(C) Plea Agreement. Defendant further expressly agrees that if the Court indicates its intent to impose a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement, Defendant has fourteen (14) days from the sentencing hearing to file with the Court a notice of withdrawal from the Rule 11(c)(1)(C) Plea Agreement. Defendant expressly waives Defendant's right to withdraw from the Rule 11(c)(1)(C) Plea Agreement more than fourteen (14) days after the Court either imposes a sentence higher than the term or range consistent with the Rule 11(c)(1)(C) terms of this Plea Agreement or indicates its intent to do so.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

25. Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a. Any obligations, commitments, or representations made by the United States in this Plea Agreement shall become null and void;

b. The United States may prosecute Defendant on all available charges;

c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d. The United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate

charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

26. Waiver of Attorney Fees and Costs

Defendant agrees to waive all rights Defendant may have under the "Hyde Amendment," Section 617, P.L. 105- 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including, without limitation, any charges to be dismissed pursuant to this Plea Agreement or any charges previously dismissed or not brought as a result of this Plea Agreement).

27. Integration Clause

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Todd Blanche
Acting Attorney General of the United States

_________________________ 7/14/26
Ann T. Wick Date
Assistant United States Attorney

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_________________________ 7-14-2026
Nicholas Michael Howard Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_________________________ 7-14-26
Bevan J. Maxey Date
Attorney for Defendant