BEVAN J. MAXEY
MAXEY LAW OFFICES, PLLC
Attorney for Defendant
1835 W. Broadway
Spokane, WA 99201
(509) 326-0338

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, - vs - NICHOLAS HOWARD Defendant. | ) | NO. 2:25-CR-0102-RLP DEFENDANT'S SENTENCING MEMORANDUM |

COMES NOW, Defendant Nicholas Howard, by and through his counsel, Bevan J. Maxey of Maxey Law Offices, PLLC, and submits this Sentencing Memorandum, to be considered by the Court when imposing a sentence for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2), a Class C felony.

## INTRODUCTION

The United States and Defendant Nicholas Howard have reached a Fed. R. Crim. P. 11(c)(1)(C) plea agreement pursuant to which Mr. Howard has agreed to



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

request no less than sixty months of imprisonment and the United States has agreed to recommend the low end of the Guidelines range, which, at the time of the plea, the agreement was contemplated to be 135 months (See Plea Agreement page 10 – footnote).

## LEGAL FRAMEWORK

The Ninth Circuit explained the process by which the court should complete the sentencing procedure in light of *United States v. Booker*'s remedial regime, under which the Guidelines are no longer mandatory. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); *United States v. Booker*, 543 U.S. 220 (2005). The Court noted that the decisions of *Rita*, *Gall*, and *Kimbrough* supersede how the courts of the Ninth Circuit have approached the sentencing process in light of *Booker*. *Carty*, 520 F.3d at 91; *Rita v. United States*, 127 S.Ct. 2456, 2465 (2007); *Gall v. United States*, 128 S.Ct. 586, 596-97 (2007); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007).

The Court further noted that all sentencing proceedings should start by determining the applicable Guideline range. *See Carty*, 520 F.3d 984. The Guidelines are the "starting point and the initial benchmark." *Id.* at 991, (citing *Kimbrough*, 128 S.Ct. at 570 (quoting *Gall*, 128 S.Ct. at 596)). The Guidelines are to be kept in mind throughout the process. *Gall*, 128 S.Ct. at 596-97. The parties



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

should be given a chance to argue for a sentence each believes is appropriate. *Carty*, 520 F.3d at 991. The district court may not presume the Guideline range is reasonable. *Id.* (citing *Rita*, 127 S.Ct. at 2465). The district court should then consider the 18 U.S.C. § 3553(a) factors to decide if they support the sentence suggested by the parties. The statute contains an overarching provision instructing the district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. *Kimbrough*, 128 S.Ct. at 570 (citing 18 U.S.C. § 3553(a)).

Several factors unique to Mr. Howard's case indicate that the Fed. R. Crim. P. 11(c)(1)(C) plea agreement will be "sufficient, but not greater than necessary" to meet the goals of punishment. *See* 18 U.S.C. § 3553(a). These factors include Mr. Howard's age, lack of criminal history, acceptance of responsibility for his actions, hard-working employment history, and marital status. Moreover, the five years of incarceration and lifetime of supervised release will achieve the goals of deterring future criminal conduct and protecting the public.

## A. Advisory Sentencing Guideline Range

### 1. Base Offense Level

The Presentence Investigation Report (PSR) was completed on September 2, 2026, indicating a base offense level of twenty-two pursuant to USSG § 2G2.2(a)(2).



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

### 2. Special Offense Characteristics and Adjustments

The parties entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The United States has recommended several sentencing guideline range adjustments, most of which Mr. Howard does not contest. These adjustments include:

A two-level enhancement, because the parties stipulate that the material received and possessed involved prepubescent minors who had not attained the age of twelve. *See* USSG § 2G2.2(b)(2).

A five-level enhancement, because the parties stipulate child pornography was exchanged for any valuable consideration but not for pecuniary gain. *See* USSG § 2G2.2(b)(3)(B).

A five-level enhancement, because the parties agree that the offense involved six hundred or more images. *See* USSG § 2G2.2(b)(7)(D).

A two-level enhancement, because the parties stipulate because the parties stipulate that a computer was used for possession or receipt of the child pornography. *See* USSG § 2G2.2(b)(6).

Mr. Howard believes the enhancements should not include the United States' calculation of:

A four-level enhancement based on images possessed contained both sexual abuse or exploitation of a toddler, and depictions of sadistic or masochistic



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

conduct. *See* USSG § 2G2.2(b)(4). The defendant has objected to the additional four points. The defendant does not believe it was contemplated by the plea agreement. According to the Federal Sentencing Guideline Manual application notes, this subsection applies regardless of whether the defendant specifically intended to possess, access with the intent to view, receive, or distribute such materials. The defense believes this is inconsistent with the actual charge and the elements of the offense which requires knowledge.

The adjustments also include:

A two-level reduction, because Mr. Howard clearly demonstrates acceptance of responsibility. *See* USSG § 3E1.1(a).

A one-level reduction, because Mr. Howard assisted in the investigation by timely notifying authorities of the intention to enter a plea of guilty and permitting the Court to allocate its resources efficiently. *See* USSG § 3E1.1(b).

The defendant believes that the appropriate adjusted offense is thirty-six (36), with a total offense level of thirty-three (33).

### 3. Criminal History Category

The defendant has no criminal history.



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

## B. Five Years of Incarceration Is Sufficient to Achieve the Purposes of the Sentencing Guidelines Considering Mr. Howard's History and Characteristics and the Nature and Circumstances of the Offense

18 U.S.C. § 3553(a) states that:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(1)-(2).

### 1. Mr. Howard's History and Characteristics

Mr. Howard is currently forty-five years old. He was married to his wife for seventeen years, and has two children. Mr. Howard was a loving father to his children throughout their life. He continues to strive to maintain a relationship with his children despite the impediment of the present charges. He has a parenting plan in place in which he has telephonic and written communication with them while in custody, with the contemplation of a normalized parenting plan after



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

he is released. Mr. Howard partook in a polygraph test which confirmed he has not had any hands-on sexual contact with anyone under the age of 18, and has never had any sexual contact with anyone against their will. He maintains a strong relationship with his parents and sister, who both live in Spokane. Additionally, Mr. Howard served in the Army National Guard and was medically discharged in 2004.

Mr. Howard has no criminal history of any kind. In fact, Mr. Howard has two bachelor's degrees, one in history and one in accounting. He had been working as an accountant for seventeen years at the time of his arrest. He worked for three years for Brooklyn Iron Works with the title of accountant, for seven years for the Educational Service District as their fiscal services manager, and worked for the Washington State Auditor's Office as "Assistant State Auditor 4" for seven years until the start of the incident case.

Mr. Howard did complete a psychosexual evaluation, in which evaluators deemed him to have a low-moderate risk of recidivism according to the STABLE-2007 test, and "Low-Risk" according to the Child Pornography Offender Risk Tool (C-PORT). Additionally, his evaluation explains how his involvement in religion from a young age has caused incongruency in his understanding of what typical, healthy sexual behaviors are, which causes him to feel guilty and shameful about



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

these behaviors. It is important to note that Mr. Howard never acted on his desires, which has been reflected by his truthful responses to the polygraph test.

Generally, Mr. Howard has dealt with low self-esteem, anxiety, and depression, but has been receiving medication and therapy to help him navigate this. The evaluator does believe community-based treatment, in addition to the conditions of probation, will help him better understand his behaviors and develop healthy coping mechanisms. Mr. Howard has been participating in therapy while on pretrial release, and has been doing well. His therapist is planning to attend the sentencing hearing.

Mr. Howard is remorseful and has accepted responsibility for his actions. His evaluation shows that he understands what he did was wrong, and accepts responsibility for his behavior. He has learned the lesson that his actions have not only limited his own ability to contribute to society but also have damaged the public welfare. In the future, Mr. Howard will not present a danger to society. Moreover, Mr. Howard is extremely remorseful for the effects his actions have already had on others.

Mr. Howard has shown a willingness to cooperate with the law throughout this process, and he will continue to do so after his future release from incarceration. He is currently on pretrial supervision and is doing very well and



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

has demonstrated he can and will continue to follow rules imposed by the court.

**2. The Need for the Sentence Imposed**

Mr. Howard has acknowledged the seriousness of the offense. A sentence of 60 months incarceration sufficiently reflects the seriousness of the offense. This, combined with registration of a sex offender, a period of 5 years of supervised release, and payment of fees, all reflect the seriousness of the offense.

A sentence of 60 months followed by an additional period of 60 months of supervised release affords adequate deterrence of future offenses and protects the public from future infractions by the Defendant. Mr. Howard's prior history prior to these charges being filed and his performance on pretrial release suggest that he will not reoffend after this lengthy period of incarceration.

The incarceration time, combined with the supervision will provide Mr. Howard with preventative measures to correct his behavior, return to society, continue his relationship with his children and return to the workforce.

**C. Considering all of the factors, five years of incarceration is a proper punishment.**

In *Booker*, the Supreme Court stated that "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." 543 U.S. at 233. Although the guideline range must be considered, the sentence may be tailored to consider other relevant statutory



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

concerns. *Id.* at 245. "The court shall impose a sentence of the kind, and within the range, … unless the court finds that there exists and aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." *U.S. v. Denardi*, 892 F.2d 269, 270 (3rd Cir. 1989) (citing 18 U.S.C. § 3553(b)).

Mr. Howard is forty-five with no criminal history, maintains strong relationships with his family, is well educated, and has a long history of professional success. Incarceration for longer than five years at this stage in his life would be greater than necessary to achieve the purposes of the sentencing guidelines.

Most importantly, Mr. Howard has accepted responsibility for his actions. He is remorseful, understands the impact of his offense on the community, and has cooperated with the government by providing truthful information concerning the offense and his role in it. This length of sentence will allow him to participate in taking responsibility for his actions, while also allowing him to return to being a good father to his children, and return to society.

**D. The cost to house a federal inmate should be taken into account by the Court.**



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

Incarceration is a significant cost for the government. Considering Mr. Howard's age, health, and lack of criminal history imposing such a significant cost on the taxpayers is unnecessary, because the goals of punishment will be achieved by the terms of the plea agreement. More importantly, a sentence beyond the 60 months in this case would accomplish nothing more than to house a human being who has proven he can be productive as an employee, a father and a son. Mr. Howard has demonstrated that he can be supervised and that he can learn from his mistake.

## CONCLUSION

After reviewing the factors listed in 18 U.S.C. § 3553(a), including Mr. Howard's history, age, and health, Mr. Howard respectfully requests that the Court exercise its discretion under *Booker* and sentence Mr. Howard to a period of incarceration of 60 months. This will be sufficient, but not greater than necessary, to punish him for his crimes.

Respectfully submitted this 25th day of September, 2026.

MAXEY LAW OFFICES, PLLC

*/s/Bevan J. Maxey*

Bevan J. Maxey, # 13827
Attorney for Defendant



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participant(s):

Ann Wick
Assistant United States Attorney
920 West Riverside, #300
Spokane, WA 99201

Jonathan Bot
United States Probation
920 W. Riverside, Room 540
Spokane, WA 99201

*/s/ Bevan J. Maxey*
Bevan J. Maxey
Attorney for Defendant



Maxey Law Office, PLLC
1835 W. Broadway
Spokane, WA. 99201
(509) 326-0338 phone
(509) 325-4490 Fax